# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE A. TAUTPHAEUS, and ) <br> RONALD P. TAUTPHAEUS, spouse ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **SHARKNINJA OPERATING LLC** ) <br>     Serve at: ) <br>     CT Corporation System ) <br>     120 South Central Avenue ) <br>     Clayton, MO 63105 ) <br> ) <br> and ) <br> ) <br> **SHARKNINJA SALES COMPANY,** ) <br>     Serve at: ) <br>     CT Corporation System ) <br>     120 South Central Avenue ) <br>     Clayton, MO 63105 ) <br> ) <br>     **Defendants.** ) | No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs Katherine A. Tautphaeus ("Plaintiff") and Ronald P. Tautphaeus (collectively, "Plaintiffs"), by and through their undersigned counsel and for their Complaint against Defendants Sharkninja Operating LLC and SharkNinja Sales Company (collectively "Defendants"), here by state and allege the following:

### FACTS COMMON TO ALL COUNTS:

1. Plaintiff is, and at all times relevant herein was, an individual residing in St. Charles County, Missouri.

1

2. Defendant SharkNinja Operating LLC is a Delaware LLC with its principal place of business located in Needham, Massachusetts; and was at all times mentioned herein in good standing to do business in the State of Missouri.

3. Defendant SharkNinja Sales Company is a Delaware corporation with its principal place of business located in Needham, Massachusetts and was at all times mentioned herein in good standing to do business in the State of Missouri.

4. Defendants are, and at all times relevant herein were, engaged in the business of designing, manufacturing, and selling various electronic devices, including, but not limited to a series of blenders.

5. Defendants designed, manufactured, distributed, and sold the Ninja Blender model BL 700 ("BL700"), in the course of Defendants' business, which caused severe injuries to Plaintiff.

6. This Court has jurisdiction over Defendants as there is diversity jurisdiction under 28 U.S.C. § 1332.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants transact business in this District, and the events giving rise to Plaintiffs' Complaint occurred in this District. Defendants placed their products, including the subject blender, into the stream of commerce in the State of Missouri.  Specifically, the subject blender was sold in Missouri at Kohl's retail store at 2110 State Highway K, O'Fallon, Missouri 63368.

8. Additionally, Defendants distribute in this District, receive substantial compensation and profits from sales in this District, and have and continue to conceal and make material omissions in this District so as to subject them to *in personam* jurisdiction in this District.

9.     Accordingly, Defendants have purposefully availed themselves of the privileges and benefits of placing their product into the stream of commerce in Missouri, and thereby, conduct business in the State of Missouri.

10.    On or about July 11, 2020, Plaintiff's minor child used the family's BL700 to make a fruit smoothie and in the process of pouring the contents out of the blender the middle shaft with a series of razor sharp blades (sometimes "the Stacked Blade Assembly") poured out along with the smoothie and became lodged in another container.

11.    On or about July 11, 2020, Plaintiff attempted to remove the Stacked Blade Assembly from the other container when the razor-sharp edges of the blade lacerated Plaintiff's right thumb in the process.

12.    As a result of the product defects described herein, Plaintiff sustained serious and permanent injuries.

## COUNT I
## Strict Product Liability—Design Defect

13.    Plaintiff restates and incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

14.    On or about July 11, 2020, Plaintiff was using the BL700 to help her daughter prepare and pour out a fruit smoothie; such use was in a manner reasonably anticipated.

15.    While Plaintiff was using the BL700 in a reasonably anticipated manner, the BL700 was in a defective condition and unreasonably dangerous in that like other blender designs, it does not have a positive retaining mechanism to prevent the shaft and razor-sharp blades from pouring out with the blended contents.

16.    While using the BL700 in a reasonably anticipated manner, Plaintiff was damaged as a direct result of such defective condition as existed when the BL700 was initially sold.

17. The BL700 was in substantially the same condition as when manufactured, distributed, and sold by Defendants.

18. Indeed, at the time of the design, manufacture, distribution, and sale of the BL700, it was defective and was unreasonably dangerous when put to its reasonably anticipated use for the reasons set out *infra*.

19. The injuries sustained by Plaintiff that were the direct result of the defective and unreasonably dangerous BL700 include, but are not limited, physical injury requiring medical treatment and multiple surgeries, which caused Plaintiff significant pain and suffering and disabled her from performance of her usual personal and professional activities; decreased energy and motivation; permanent scarring; an impaired ability to function and enjoy ordinary pursuits of life; and mental and emotional fear, anger, anguish, shame, embarrassment, frustration, and humiliation.

20. As a direct result of the aforesaid occurrence and resulting injuries, Plaintiff has been required to undergo reasonable, necessary, and extensive medical, hospital, therapeutic, rehabilitative care and treatment and will require further such care and treatment in the future.

WHEREFORE, Plaintiff states that she has been damaged and prays judgment against Defendants in a sum excess of $75,000.00; for such other relief that is just, fair, and adequate under the circumstances; and for her costs herein expended.

## COUNT II
### Strict Product Liability—Failure to Warn

21. Plaintiff restates and incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

22. Defendants designed, manufactured, distributed, and sold the BL700 in the course of Defendants' business.

23. The BL700 was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics— namely because the "Stacked Blade Assembly" did not lock into the protective guard of the pitcher.

24. Defendants did not give an adequate warning of the danger of the BL700—namely that the "Stacked Blade Assembly" did not lock into the protective guard of the pitcher, which could become disengaged from the blender pitcher.

25. Plaintiff used the BL700 in a reasonably anticipated manner on or around July 1, 2020, specifically when she assisted her daughter to make and pour out a smoothie from the blender pitcher.

26. Plaintiff was damaged as a direct result of the BL700 being sold without an adequate warning for how the blade shaft did not lock into the protective guard of the pitcher.

27. The injuries sustained by Plaintiff that were the direct result of the defective and unreasonably dangerous BL700 include, but are not limited, physical injury requiring medical treatment and multiple surgeries, which caused Plaintiff significant pain and suffering and disabled her from performance of her usual personal and professional activities; decreased energy and motivation; permanent scarring; an impaired ability to function and enjoy ordinary pursuits of life; and mental and emotional fear, anger, anguish, shame, embarrassment, frustration, and humiliation.

28. As a direct result of the aforesaid occurrence and resulting injuries, Plaintiff has been required to undergo reasonable, necessary, and extensive medical, hospital, therapeutic, rehabilitative care and treatment and will require further such care and treatment in the future.

WHEREFORE, Plaintiff states that she has been damaged and prays judgment against Defendants in a sum excess of $75,000.00; for such other relief that is just, fair, and adequate under the circumstances; and for her costs herein expended.

### COUNT III
### Negligence—Defective Design

28. Plaintiff restates and incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

29. Defendants manufactured, designed, sold, and distributed the BL700.

30. The BL700 was defective and unreasonably dangerous in that like other blender designs it does not have a positive retaining mechanism to prevent the shaft and razor-sharp blades from pouring out with the blended contents.

31. Defendants failed to use ordinary care to design the BL700 to be reasonably safe and had a duty to do so.

32. Defendants breached the aforementioned duty.

33. As a direct result of failing to design the BL700 to be reasonably safe, Plaintiff sustained damages while using the BL700 in a reasonably anticipated manner after the blade of the BL700 lacerated her thumb when she tried to remove it from being stuck in a container.

34. The injuries sustained by Plaintiff that were the direct result of the defective and unreasonably dangerous BL700 include, but are not limited, physical injury requiring medical treatment and multiple surgeries, which caused Plaintiff significant pain and suffering and disabled her from performance of her usual personal and professional activities; decreased energy and motivation; permanent scarring; an impaired ability to function and enjoy ordinary pursuits of life;

and mental and emotional fear, anger, anguish, shame, embarrassment, frustration, and humiliation.

35. As a direct result of the aforesaid occurrence and resulting injuries, Plaintiff has been required to undergo reasonable, necessary, and extensive medical, hospital, therapeutic, rehabilitative care and treatment and will require further such care and treatment in the future.

WHEREFORE, Plaintiff states that she has been damaged and prays judgment against Defendants in a sum excess of $75,000.00; for such other relief that is just, fair, and adequate under the circumstances; and for her costs herein expended.

### COUNT IV
### Negligence—Failure to Warn

36. Plaintiff restates and incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

37. Defendants manufactured, designed, sold, and distributed the BL700.

38. The BL700 was defective and unreasonably dangerous in that unlike other blender designs it does not have a positive retaining mechanism to prevent the shaft and razor sharp blades from pouring out with the blended contents.

39. Defendants had no reason to believe that Plaintiff would realize the danger posed by the blade becoming stuck in another container if it disengaged from the BL700.

40. Defendants knew, or by using ordinary care should have known, of the dangerous condition of BL700—namely that the razor sharp blades would disengage from the blender and become dangerous for users.

41. Defendants failed to warn of the danger of the blade to disengage from the BL700.

42. As a direct result of failing to adequately warn of the characteristics of the BL700—namely that the razor sharp blades would pour out when blended contents were poured out of the

blender, which could result in serious injury to the user, Plaintiff sustained damage while using the BL700 in a reasonably anticipated manner when the blade lacerated her thumb.

43. The injuries sustained by Plaintiff that were the direct result of the defective and unreasonably dangerous BL700 include, but are not limited, physical injury requiring medical treatment and multiple surgeries, which caused Plaintiff significant pain and suffering and disabled her from performance of her usual personal and professional activities; decreased energy and motivation; permanent scarring; an impaired ability to function and enjoy ordinary pursuits of life; and mental and emotional fear, anger, anguish, shame, embarrassment, frustration, and humiliation.

44. As a direct result of the aforesaid occurrence and resulting injuries, Plaintiff has been required to undergo reasonable, necessary, and extensive medical, hospital, therapeutic, rehabilitative care and treatment and will require further such care and treatment in the future.

WHEREFORE, Plaintiff states that she has been damaged and prays judgment against Defendants in a sum excess of $75,000.00; for such other relief that is just, fair, and adequate under the circumstances; and for her costs herein expended.

## COUNT V

### Loss of Consortium

45. Plaintiff Ronald P. Tautphaeus ("Ronald P. Tautphaeus") restates and incorporates each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

46. At all times pertinent hereto, Ronald P. Tautphaeus is and was the lawful spouse of Plaintiff and is entitled thereby to her care, comfort, support, companionship, consortium and services.

47. As a direct and proximate result of the circumstances set forth in this Complaint and the injuries sustained by Plaintiff, Ronald P. Tautphaeus has been caused to suffer and will continue to suffer loss of care, comfort, support, companionship, consortium and services of his spouse.

WHEREFORE, Plaintiffs request a judgment be entered against Defendants for the injuries and damages as described above, for an award for damages that is fair and reasonable under the circumstances, for prejudgment interest, costs and other and further relief as may be just and proper.

Plaintiffs demand a trial by jury on all issues.

**ENGELMEYER & PEZZANI, LLC**

 /s/ Emily W. Kalla
Emily W. Kalla, #66300(MO)
*emily@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 Phone
(314) 863-7793 Facsimile

and

THE DEFEO LAW FIRM

/s/ *Daniel T. DeFeo*
Daniel T. DeFeo, #35161(MO)
Erika V. Dopuch, #70031(MO)
4435 Main Street, Suite 880
Kansas City, MO 64111
Telephone: (816) 581-4600
Facsimile: (816) 581-4646
ddefeo@defeolaw.com
edopuch@defeolaw.com